**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:           June 8, 2011

Courtroom Deputy:  Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Susan Heckman

**Criminal Action No.  10-cr-00542-REB**

*Parties:*                                  *Counsel:*

UNITED STATES OF AMERICA,                   Colleen Covell

    Plaintiff,

v.

1.  EDUARDO RIVAS,                          Martha Eskesen

    Defendant.

**SENTENCING MINUTES**

**10:05 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

    congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

  **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **United States' Amended Motion for Preliminary Order of Forfeiture Only as to Defendant Eduardo Rivas** [#331] filed May 24, 2011, is **GRANTED**; provided furthermore, that this preliminary order shall ripen as a result of the judgment of conviction and orders entered today by this court into an order of forfeiture;

    - the defendant's **Motion for Variance Pursuant to 18 U.S.C. § 3553(a) and Sentencing Statement** [#335] filed May 27, 2011, is **DENIED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **135 months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That an Order and Judgment of Forfeiture shall be entered under Fed.R.Crim.P. 32.2(b)(3) and consistent with the government's motion, which has been granted by the court, and the Plea Agreement of the parties;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends that the Bureau of Prisons designate the defendant to a correctional facility or institution in the State and District of

        Colorado, preferably within the Denver metropolitan area; and

12. That the defendant is remanded to the custody of the United States Marshal.

Parties state that they have no objection to the sentence imposed.

The defendant is advised of the right to appeal the sentence imposed by the Court.

Ms. Covell orally moves to dismiss with prejudice Counts 3, 6, 7, 12, 14, 15, 18, 27, 30, and 31 of the Indictment.

    **IT IS FURTHER ORDERED** as follows:

13. That the government's oral motion to dismiss counts is **GRANTED**; that accordingly, Counts 3, 6, 7, 12, 14, 15, 18, 27, 30, and 31 of the Indictment are **DISMISSED WITH PREJUDICE** as to this defendant only.

**10:45 a.m.   Court in recess.**

Total time in court:   00:40

Hearing concluded.